UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KENYETTA P.,

                Plaintiff,

v.                                           5:23-cv-01227 (AMN/ML)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**THE LAW OFFICES OF STEVEN**         **STEVEN R. DOLSON, ESQ.**
**R. DOLSON PLLC**
6320 Fly Road, Suite 201
East Syracuse, New York 13057
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**     **FERGUS KAISER, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 3, 2023, Plaintiff Kenyetta P.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Security ("Commissioner") denying her applications for Disability Insurance Benefits and Supplemental Security Income ("Complaint").  Dkt. No. 1.[2]

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on October 29, 2024, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 9, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 11, dismiss the Complaint, Dkt. No. 1, and affirm the Commissioner's decision.  Dkt. No. 12 ("Report-Recommendation").[3]  Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 20.  Plaintiff filed timely objections on November 7, 2024.  Dkt. No. 13.  The Commissioner filed a response to Plaintiff's objections on November 18, 2024.  Dkt. No. 14.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).[4]  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[3] The case was reassigned to the undersigned on November 14, 2023.  Dkt. No. 7.

[4] "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'"  *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)).

Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.    DISCUSSION**

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision. *See* Dkt. No. 12 at 1-10.

The Court construes Plaintiff's submission to make two overlapping objections. First, Plaintiff objects to the Report-Recommendation on the ground that the Administrative Law Judge ("ALJ") failed to articulate the key factors of persuasiveness in assessing the medical opinions of Dr. Warren Wulff. Dkt. No. 13 at 1. More specifically, Plaintiff avers that the ALJ's use of the phrases "generally supported" and "generally consistent" are insufficient to allow judicial review of the ALJ's findings of persuasiveness. *Id.* Plaintiff made this argument before Magistrate Judge

3

Lovric, so the objection is subject to clear error review. *Compare id. with* Dkt. No. 9 at 8. The Court finds no clear error in the treatment of this argument in the Report-Recommendation. *See* Dkt. No. 12 at 11-19; *see also Petersen*, 2 F. Supp. 3d at 228-29 & n.6. The Court is satisfied with the Report-Recommendation's finding that the ALJ properly articulated her reasoning and supported her assessment of Dr. Wulff's medical opinions with "specific clinical findings" in the record, the treatment notes from Dr. Wulff and other providers in his practice, other medical opinions, and Plaintiff's activities of daily living. *Id.* at 15-17. Plaintiff's arguments amount to no more than an impermissible attempt to have this Court reweigh the evidence presented to the ALJ. *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

Second, Plaintiff objects to the Report-Recommendation on the ground that the ALJ misread the record regarding her daily activities, and therefore, the ALJ allegedly lacked a proper basis for discounting Dr. Wulff's medical opinions. Dkt. No. 13 at 1-2. More specifically, Plaintiff argues that the ALJ was incorrect in finding that Plaintiff had the ability to make the bed, complete other household chores, and go shopping. *Id.* at 2. Though Plaintiff previously took issue with the assessment of Dr. Wulff's medical opinions generally, she did not specifically raise these issues before Magistrate Judge Lovric. "[A] district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance." *James L.E. v. Comm'r of Soc. Sec.*, 5:23-CV-0630 (BKS/CFH), 2024 WL 5052951, at *1 (N.D.N.Y. Dec. 10, 2024) (citation omitted). The Court sees no reason to depart from this practice in this case.[5]

---

[5] Moreover, even if the Court were to review the ALJ's treatment of the Plaintiff's daily activities, it would discern no reason for a different outcome. Despite Plaintiff's argument to the contrary, the ALJ properly cited to a portion of the record which supports a finding that making the bed was,

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 12, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 9, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 11, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 5, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

at times, one of Plaintiff's activities of daily living. Dkt. No. 8 at 332 (showing Plaintiff listed "bed making" as a typical activity within Exhibit 7E). Moreover, Plaintiff's argument that the ALJ ignored her inability to complete household chores when "her back is out," and that she requires assistances when shopping, is belied by the record. Dkt. No. 13 at 2. The ALJ explicitly noted that Plaintiff only "sometimes" completed household chores such as laundry, dishwashing, and mopping, and that Plaintiff testified that her shopping is done in the company of others. Dkt. No. 8 at 27.